E-FILED
Friday, 03 October, 2025  08:46:40 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| **LARRY SHARP,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 3:25-cv-3108-SEM-DJQ** |
| | ) |
| **COX, et al.,** | ) |
| **Defendants.** | ) |

**<u>MERIT REVIEW ORDER</u>**

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Larry Sharp has filed a Complaint (Doc. 1)
under 42 U.S.C. § 1983, which is now before the Court for
screening. Plaintiff has also filed a Motion to Request Counsel
(Doc. 5). For the following reasons, the Court finds that
Plaintiff may proceed on an Eighth Amendment excessive force
claim against Defendant Cox, but that the remaining
Defendants will be dismissed and his request for counsel
denied at this time.

### I. Screening Standard

The Court must "screen" Plaintiff's complaint and
dismiss any legally insufficient claim or the entire action if
warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if

it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Facts Alleged

At all times relevant to his Complaint, Plaintiff was an inmate at Lincoln Correctional Center ("Lincoln").

Plaintiff's suit names as Defendants Correctional Officer Cox, Lieutenant Dawdy, and the State of Illinois.

Plaintiff alleges Defendant Cox assaulted him on December 14, 2024, at approximately 11:40 a.m. Plaintiff states he was standing in the day room when he observed Defendant Cox cursing and threatening other inmates. Plaintiff alleges Defendant Cox suddenly picked up a chair and

threw it at him. Plaintiff alleges the chair struck his left calf muscle, which caused pain, raised his blood pressure, and "triggered [him] mentally." (Doc. 1 at 5). Plaintiff went to the Health Care Unit for medical treatment. Plaintiff requested a crisis intervention, but medical staff allegedly told him there was nothing wrong with him except high blood pressure.

### III. Analysis

Based on the Court's review, the facts alleged in the Complaint are sufficient to state an Eighth Amendment excessive force claim against Defendant Cox.

To state an excessive force claim, Plaintiff must show that the force was applied maliciously and sadistically, not in a good faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). This is so, as prison officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used. *Id.* at 320. "[W]hile a plaintiff need not demonstrate a significant injury to state a claim for excessive force under the Eighth Amendment, 'a claim ordinarily cannot be predicated on a *de*

*minimis* use of physical force.'" *Outlaw v. Newkirk*, 259 F.3d 833, 837–38 (7th Cir. 2001) (internal citations omitted). The Court must balance the amount of the force used against the need for the force. If no force is necessary, even *de minimis* force may not be used. *Reid v. Melvin*, 695 F. App'x 982, 983-84 (7th Cir. 2017). Plaintiff adequately alleged Defendant Cox used excessive force by throwing a chair at him while he was standing in the day room.

Plaintiff named Lieutenant Dawdy as a Defendant, but he did not include any specific allegations against Lieutenant Dawdy in his Complaint. Individual liability under § 1983 can only be based upon a finding that the defendant caused the deprivation alleged. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Lieutenant Dawdy is dismissed without prejudice.

Plaintiff named Lincoln as a Defendant, but a correctional center is not a "person" amenable to suit under §

1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983"); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Lincoln is dismissed with prejudice.

Finally, Plaintiff named the State of Illinois as a Defendant, but the Eleventh Amendment bars suits brought against a State in federal court. *Pennhurst v. State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). Sovereign immunity does not apply where the State consents to suit or federal legislation abrogates the immunity pursuant to a constitutional grant of authority. *Tenn. v. Lane*, 541 U.S. 509, 517 (2004). Section 1983 does not abrogate state sovereign immunity. *Will*, 491 U.S. at 58. The State of Illinois has consented to suit exclusively in the Illinois Court of Claims. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). The State of Illinois is dismissed without prejudice.

## IV. Request for Counsel

Plaintiff has also filed a Motion to Request Counsel (Doc. 5). A pro se litigant has no right to counsel in a civil case.

*Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). However, the federal statute authorizing in forma pauperis status provides a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. 1915(e)(1). A court does not have the authority to require an attorney to accept pro bono appointments in civil cases. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007).

When considering a request for counsel by a pro se litigant the Court undertakes a two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt*, 503 F.3d at 655.

As to the first inquiry, plaintiffs normally make this showing by filing copies of letters sent to several attorneys seeking assistance, along with copies of the responses they received from the attorneys they contacted. *See Olson*, 750 F.3d at 711. Plaintiff did not do so, nor did he include any other information suggesting that he made any attempts to obtain counsel. Because Plaintiff has not satisfied this first,

threshold requirement, his Motion to Request Counsel (Doc. 5)

is DENIED.

**IT IS THEREFORE ORDERED:**

1)   **According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment excessive force claim against Defendant Cox. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

2)   **The Clerk is directed to dismiss Defendants State of Illinois, Dawdy, and Lincoln Correctional Center as Defendants in this matter.**

3)   **Plaintiff's Motion to Request Counsel [5] is DENIED without prejudice.**

4)   **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions, to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

5)   **The Court will attempt service on Defendant by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an**

order setting discovery and dispositive motion deadlines.

6)    Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an Answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to an Answer is necessary or will be considered.

7)    This District uses electronic filing, which means that, after Defendant's counsel has filed an appearance, counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendant's counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8)    If Defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, Defendant's forwarding address. This information

**shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

9) **Defendant's counsel is granted leave to depose Plaintiff. Defendant's counsel shall arrange the time for the deposition.**

10) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this case with prejudice.**

11) **If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

12) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

13) **The Court directs the Clerk to attempt service on Defendant under the standard procedures.**

ENTERED    October 3, 2025                              .

s/ *Sue E. Myerscough*

_____

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE